IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS H. TANNER | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv75-HSO-JCG |
| | § | |
| PFIZER, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS [7]**

BEFORE THE COURT is Defendant Pfizer, Inc.'s Motion [7] to Dismiss

Plaintiff Marcus Tanner's Complaint [1] with prejudice in its entirety.  This Motion

has been fully briefed.  Because it is evident from Plaintiff's Complaint that the

action is time-barred and the Complaint fails to raise a basis for tolling of the

statute of limitations, the Motion [7] will be granted and this civil action dismissed.

## I. BACKGROUND

A.   Factual Background

Defendant manufactures the popular drug sildenafil citrate, sold under the

brand name Viagra, which was approved by the U.S. Food and Drug Administration

("FDA") in 1998 to treat erectile dysfunction.  Compl. [1], at ¶¶ 13–18.  Plaintiff

regularly used Viagra from 2009–2013.  *Id.* at ¶¶ 35–36.  Plaintiff's Complaint

alleges that scientific studies published as early as 2011 have linked "treatment

with Viagra" to melanoma, a serious form of skin cancer.  *Id.* at ¶¶ 23–26.  The

Complaint specifically describes the findings of one study published in the June

2014 edition of the Journal of the American Medical Association (the "JAMA

article") indicating that men in the United States who used sildenafil were more

likely to develop melanoma.  *Id.*

Plaintiff was diagnosed with melanoma in 2011.  *Id.* at ¶¶ 37–38.  The melanoma was removed, and Plaintiff alleges that he recently discovered "that he has developed additional lesions that require medical attention."  *Id.* at ¶ 39. Plaintiff does not include an allegation as to when he first became aware of a potential connection between his Viagra use and his melanoma.  *Id.*  Plaintiff alleges that had Defendant "properly disclosed the melanoma-related risks associated with Viagra," he would have not used Viagra at all, limited the dosage and length of use, and/or more closely monitored Viagra's effect on his health.  *Id.* at ¶ 40.

B.    Procedural History

Plaintiff filed his Complaint initiating this civil action on March 12, 2015, asserting nine causes of action under common law and the Mississippi Products Liability Act, Miss. Code Ann. § 11-1-63 (the "MPLA"): (1) defective product design; (2) defective product warning; (3) breach of implied warranty; (4) breach of express warranty; (5) negligence; (6) fraud; (7) fraudulent misrepresentation; (8) negligent misrepresentation; and (9) fraudulent concealment.  *Id.* at ¶¶ 42–139.

On June 9, 2015, Defendant filed the instant Motion [7] to Dismiss, arguing that Plaintiff's claims are time-barred by Mississippi's three-year statute of limitations for tort and products liability claims.  In Response [11], Plaintiff contends that Defendant's acts of fraudulent concealment tolled the three-year

statute of limitations, rendering his claims timely under Miss. Code Ann. § 15-1-67.

Defendant has also raised alternative grounds for dismissal:

> (1) The [MPLA] subsumes Plaintiff's negligence, implied warranty, and fraud claims;
> (2) Plaintiff does not plead with the requisite particularity his claims for fraud, fraudulent misrepresentation, and fraudulent concealment;
> (3) Plaintiff does not allege the elemental facts giving rise to his implied and express warranty claims; and
> (4) Plaintiff fails to allege any facts explaining how Viagra's design is defective and how this defect caused Plaintiff's melanoma.

Mem. Supp. Mot. Dismiss [8], at 1. Plaintiff's Response [11] also addresses these alternative grounds for dismissal, arguing that the MPLA does not subsume his fraud claim, and that his factual and legal allegations are sufficient.

## II. <u>DISCUSSION</u>

### A.   <u>Legal Standard</u>

To survive Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When a defendant asserts a statute of limitations defense, a court may grant a motion to dismiss under Rule 12(b)(6) if: (1) it is evident from the plaintiff's

3

pleadings that the action is time-barred; and (2) the pleadings fail to raise some basis for tolling. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

B.   <u>Analysis</u>

   If it is evident from Plaintiff's Complaint that his claims are time-barred and he has failed to sufficiently plead a basis for tolling, the Court can grant Defendant's Motion to Dismiss without considering Defendant's alternative grounds for dismissal.

   1.   <u>Plaintiff's Claims are Time-Barred under Miss. Code Ann. § 15-1-49</u>

   Defendant argues that Plaintiff's claims, which all arise under Mississippi law, are subject to a three-year statue of limitations:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49.  Under Mississippi law, it is well settled that claims begin to accrue when a plaintiff discovers his injury, and discovery of the "cause" of the injury is not required.  *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010) ("Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action."); *see also Barnes ex rel. Estate of Barnes v. Koppers, Inc.*, 534 F.3d 357, 359 (5th Cir. 2008) (applying Mississippi law and

holding that a negligence claim for defendant plant-owner's harmful emissions began to accrue when the adjacent homeowner was first diagnosed with breast cancer, not when the attorney's investigation discovered a possible link between the emissions and her cancer).

According to the Complaint, Plaintiff discovered his injury when he was diagnosed with melanoma in 2011, more than three years before he filed his Complaint in this action on March 12, 2015.  Applying § 15-1-49, Plaintiff's claims are time-barred.

2.     Plaintiff Has Not Sufficiently Pled a Basis for Tolling Due to Fraudulent Concealment under Miss. Code Ann. § 15-1-67

Plaintiff has responded by arguing that because he has alleged a claim for fraudulent concealment, Miss. Code Ann. § 15-1-67 applies and his causes of action accrued at "the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." Miss. Code Ann. § 15-1-67.

To properly support a fraudulent concealment theory as a basis for tolling the statute of limitations, a plaintiff must allege (1) that the defendant "engaged in affirmative acts of concealment," and (2) that though the plaintiff "acted with due diligence in attempting to discover the claim, [he was] unable to do so." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (quoting *Robinson v. Cobb*, 763 So. 2d 883 (Miss. 2000)); *see also Reed v. Am. Gen. Life & Acc. Ins. Co.*, 192 F. Supp. 2d 641, 646 (N.D. Miss. 2002).  Under Mississippi law, "[w]hen fraudulent concealment and other fraud-based allegations are asserted, the failure to plead

5

sufficiently will result in the dismissal of the complaint." *State Indus., Inc. v. Hodges*, 919 So. 2d 943, 946 (Miss. 2006).

### a.   No Subsequent Affirmative Act of Concealment

Plaintiff's Complaint does not identify any specific affirmative act of concealment by Defendant, subsequent to the discovery of his injury in 2011, or explain how any such act prevented him from discovering his cause of action. *Ross*, 344 F.3d at 463–64 ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations."). Plaintiff alleges generally that during Defendant's sales and marketing campaigns, Defendant "intentionally concealed and suppressed the facts concerning Viagra's melanoma-related risks." Compl. [1], at ¶110.  However, Plaintiff does not allege that any of the information from these sales and marketing campaigns reached him or influenced his ability to discover his claim against Defendant. *See O'Bannon v. Guardian Life Ins. Co. of Am.*, 331 F. Supp. 2d 476, 478 (S.D. Miss. 2004) (dismissing the plaintiffs' claims when the complaint did not allege that the defendants "affirmatively prevented" the plaintiffs from discovering their claims). Plaintiff has not sufficiently alleged a subsequent affirmative act of fraudulent concealment by Defendant.

### b.   No Due Diligence

Even if the Court found Plaintiff's general allegations sufficient to constitute an affirmative act of concealment, the Complaint does not allege that Plaintiff "acted with due diligence" to discover his claim "but was unable to do so."  In fact,

Plaintiff's Complaint contains no sufficient allegation that he acted with diligence to discover the cause of his melanoma, and does not identify a date when Plaintiff first became aware of the potential connection between Viagra and melanoma.

In briefing, Plaintiff now argues that he could not have discovered the link between Viagra and melanoma prior to the publication of the JAMA article in 2014 due to Defendant's fraudulent concealment.  Resp. [11], at 6.  However, new factual allegations presented in a plaintiff's opposition to a motion to dismiss pursuant to Rule 12(b)(6) are insufficient to cure deficient allegations in a complaint.  *See Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) ("[W]hen deciding a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'") (quoting *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)).

Moreover, Plaintiff's current position regarding the date he discovered his cause of action is inconsistent with the factual allegations in the Complaint. The Complaint states that scientific studies published as early as 2011 linked Viagra use to melanoma. Compl. [1], at ¶23.  Plaintiff's Response [11] claims that only the 2014 JAMA article allowed Plaintiff to discover his claim, without giving any reason as to why the 2011 published article did not.  This discrepancy is particularly incongruent in Plaintiff's case when he alleges that he stopped regularly taking Viagra 2013, before the JAMA article was published.  In sum, Plaintiff has not sufficiently alleged or argued that he acted with due diligence to discover his claim.

On the face of the Complaint, Plaintiff has not adequately pled a basis for tolling the applicable statute of limitations based on fraudulent concealment, and his claims are barred by the applicable statute of limitations under Mississippi law.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Dismiss [7] is **GRANTED**.  This civil action is hereby **DISMISSED WITH PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

8